IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS WOLFEL,** *et al.*,

      **Plaintiffs,**

                                      **Civil Action 2:07-CV-1296**
  v.                                        **Judge Holschuh**
                                      **Magistrate Judge King**

**TERRY COLLINS,** *et al.*,

      **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' *Motion for Summary Judgment*, Doc. No. 37, Plaintiffs' *Motion for Partial Summary Judgment*, Doc. No. 23, and the Plaintiffs' *Motions for Preliminary Injunction*, Doc. Nos. 18 and 28. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Defendants' *Motion for Summary Judgment* be granted in part and denied in part. The Magistrate Judge further **RECOMMENDS** that Plaintiff's *Motions for Preliminary Injunction* be denied and that the *Motion for Partial Summary Judgment* be held in abeyance pending an evidentiary hearing on the issue of exhaustion.

### I.

Plaintiffs Dennis Wolfel and Anthony Soto ["Plaintiffs"] bring this action pursuant to 42 U.S.C. § 1983, claiming constitutional violations in connection with their confinement at the London Correctional Institution ["LoCI"]. The Defendants are Terry Collins, former Director of the Ohio Department of Rehabilitation and Correction ["ODRC"]; Dwight Pressler, Food

Service Manager at LoCI; Deb Timmerman-Cooper, Warden at LoCI; Russell Parrish, Unit Management Administrator at LoCI; and Decarlo Blackwell, Institutional Inspector at LoCI. The Court has jurisdiction pursuant to 28 U.S.C. § 1343.

Plaintiff Wolfel alleges that, upon his arrival at LoCI in February 2004, he was denied placement in the "Older Offender Program" because of his Caucasian race. *Complaint* at ¶ 2. Plaintiff was apparently placed on a waiting list for the housing program. Plaintiff claims that African-American inmates were, however, immediately placed in the "Older Offender Program" upon their arrival at LoCI. *Id.* at ¶¶ 12-13. Plaintiff complained in writing to Defendant Parrish, who allegedly responded that African-American inmates received earlier placement in order to achieve "racial balance." *Id.* at ¶ 14. Plaintiff claims that he thereafter sent a written complaint to Defendant Timmerman-Cooper. *Id.* at ¶ 15. According to Plaintiff, the Warden forwarded Plaintiff's written complaint to Defendant Parrish, but neither of these Defendants took action on his complaint. *Id.* at ¶¶ 16-17.

Plaintiff Wolfel alleges in his *Complaint* that he filed a formal grievance with Defendant Blackwell, Institutional Inspector at LoCI. *Id.* at ¶ 18. According to Plaintiff, Blackwell's written response indicated that "racial balance" is the official policy of the ODRC. *Id.* Plaintiff alleges that he appealed this decision to the Chief Inspector who "condoned and ratified" the earlier decision. *Id.* at ¶ 19. Plaintiff Wolfel claims that the policy of achieving racial balance in the "Older Offender Program" is unconstitutional.[1]

---

[1] The policy states, in pertinent part:

It is the policy of the Ohio Department of Rehabilitation and Correction to create an atmosphere of racial equality in the correctional institutions by minimizing even the appearance of segregation. The fostering and creation of integrated housing and job assignments should be accomplished to enhance rehabilitation efforts and serve the security interests of the institution. Inmates shall be

In November 2008, Plaintiff Wolfel was transferred from LoCI to the Lebanon Correctional Institution. *Response to Order to Show Cause*, Doc. No. 51.

Plaintiff Anthony Soto alleges that he was fired from his job with the sanitation crew at LoCI in July 2007 because Defendants allegedly perceived him to be Caucasian.[2] *Complaint* at ¶ 26. He filed an informal complaint with Defendant Pressler and a formal grievance with Defendant Blackwell. *Id.* at ¶¶ 27-28. According to Plaintiff Soto, Defendant Blackwell "ratified and condoned" the racial balance policy. *Id.* at ¶ 29. Plaintiff Soto appealed the decision to the Chief Inspector, who allegedly stated that the racial balance policy was not subject to the grievance procedure. *Id.* at ¶ 31. Plaintiff Soto claims that the policy is unconstitutional.

In May 2008, Plaintiff Soto was transferred from LoCI to the Toledo Correctional Institution. *Notice of Change of Address*, Doc. No. 22. According to Plaintiff Wolfel, Plaintiff Soto has now been released from prison. *Response to Order to Show Cause*, Doc. No. 51. Plaintiff Soto did not file a response to this Court's February 26, 2010, *Order to Show Cause*, Doc. No. 50.

**II.**

With this background in mind, the Court first considers Defendants' *Motion for Summary Judgment*. The standard for summary judgment is well established. This standard is found in

---

assigned without regard to the inmate's race, ethnicity or national origin.

*Exhibit A* attached to *Defendants' Memorandum contra Plaintiffs' Motion for Preliminary Injunction.*

[2]Plaintiff Soto alleges that he is of Cuban descent. *Complaint* at ¶ 26.

3

Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at

trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

**A. Plaintiff Wolfel's Claim**

Defendants contend that they are entitled to summary judgment on Plaintiff Wolfel's claim because Plaintiff Wolfel failed to exhaust available administrative remedies prior to filing this action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ["PLRA"], requires that a prisoner filing a § 1983 claim must first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The statute provides, in pertinent part:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In order to satisfy the exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "Failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is not a jurisdictional predicate but the requirement is nevertheless mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative procedure would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999). Neither the Supreme Court nor the Sixth Circuit have specifically addressed which party bears the burden of proof on the

5

issue of exhaustion of remedies. Other circuits and courts within this circuit, however, hold that failure to exhaust is an affirmative defense; it is therefore the defendant who bears the burden of establishing a failure to exhaust administrative remedies. *See Perotti v. Medlin,* No. 4:05-CV-2739, 2009 WL 929013 at *10 (N.D. Ohio April 2, 2009); *Carson v. Monroe,* No. 2:07-CV-29, 2008 WL 822150 at *1 (W.D. Mich. March 26, 2008), citing *Obriecht v. Raemisch,* 517 F.3d 489 (7th Cir. 2008); *Roberts v. Barreras,* 484 F.3d 1236, 1241 (10th Cir. 2007).

Ohio employs a three-step grievance procedure for inmate claims. Ohio Admin. Code § 5120-9-31. First, an inmate must file an informal complaint. If that complaint does not result in a decision satisfactory to the inmate, he can appeal the decision to the Inspector of Institutional Services. If that appeal is found to be without merit, the inmate can then appeal the decision to the Chief Inspector. *Id.*

In support of their contention that Plaintiff Wolfel "has not exhausted his administrative remedies," Defendants offer the Affidavit of Linda Coval, Chief Inspector of ODRC and custodian of records for inmate appeals and grievances. *Affidavit of Linda Coval* at ¶ 2, attached to Defendants' *Motion for Summary Judgment*. In his *Complaint*, which is verified, Plaintiff Wolfel alleges that he in fact exhausted the three-step grievance procedure. Plaintiff avers that he sent a written communication to Defendant Parrish regarding the racial balance policy, *Complaint,* at ¶ 14, and that he also sent an Informal Complaint to Defendant Timmerman-Cooper "complaining of racial discrimination and challenging the prison's racial balance policy as unconstitutional," *id.,* at ¶ 15. Plaintiff avers that he then filed a written grievance with Defendant Blackwell, who allegedly responded that "racial balance" was the official policy of the Ohio Department of Rehabilitation and Correction. *Id.,* at ¶ 18. Plaintiff states that he

6

appealed this decision to the Chief Inspector, who "condoned and ratified" the placement of African-American inmates in the "Older Offender Program" before Caucasian inmates. *Id.,* at ¶ 19. Defendant Coval states in her affidavit only that she could not locate any records indicating exhaustion by Plaintiff Wolfel during 2007. *Coval Affidavit,* ¶ 8.

The Court concludes that there exists a genuine issue of material fact as to whether Plaintiff Wolfel exhausted his administrative remedies prior to filing this action challenging the racial balance policy at LoCI and that grant of Defendants' *Motion for Summary Judgment,* as it relates to this issue is unwarranted. In reaching this conclusion, the Court notes that Plaintiff's verified complaint is the functional equivalent of an affidavit for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Webb v. Strode*, No. 1:08CVP105M, 2009 WL 2602982 (W.D. Ky. August 24, 2009). However, considering the essential importance of this foundational issue, *see* 42 U.S.C. §1997e(a), it is recommended that the Court hold an evidentiary hearing to resolve the matter.

Defendants also move for summary judgment on the basis that Plaintiff lacks standing to sue. Approximately one month after filing suit, Plaintiff Wolfel was placed in administrative segregation where he remained until July 2008. *Affidavit of Russell Parrish,* at ¶¶ 4-7, attached to Defendants' *Motion for Summary Judgment*. Defendant Russell avers that "an inmate is ineligible for housing in the Older Offender's Program for six months following release from administrative segregation." *Id.,* at ¶ 8. Defendants argue that, because Plaintiff was ineligible for placement in the "Older Offender Program," he has suffered no cognizable injury. Defendants also argue that placement on a waiting list for the program is not tantamount to outright denial of access to the program and does not amount to injury sufficient to satisfy the

7

standing requirement.

Article III of the United States Constitution grants federal courts jurisdiction over "cases and controversies." Thus, a plaintiff invoking the Court's jurisdiction must establish that he has standing to sue. In this regard, the plaintiff must show he has suffered an "injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). The alleged harm must be actual or imminent, not "conjectural or hypothetical." *Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). Further, a plaintiff must show that the injury "fairly can be traced to the challenged action" and is "likely to be redressed by a favorable decision." *Whitmore v. Arkansas*, 495 U.S. at 155, quoting *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38 (1976); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).

In the Court's view, Plaintiff's placement on the waiting list for the "Older Offender Program," while inmates in other racial categories were allegedly placed directly into the program, constitutes "injury" for Article III standing purposes. As the United States Supreme Court explained in *Northeastern Fla. Ch. of Assoc. Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993):

> When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

*Id.,* at 666. In this case, the allegations reflected in this plaintiff's verified complaint are sufficient to confer on Plaintiff Wolfel standing for purposes of Article III. The fact that Plaintiff Wolfel may have been in segregation until July 2008 and could not have been placed in the

8

program for a period of time does not diminish the "injury" suffered for purposes of standing. Furthermore, the fact that Plaintiff has since been transferred from LoCI to another institution does not retroactively vitiate the standing that otherwise existed at the time the action was filed. Thus, the Court concludes that Plaintiff Wolfel has standing to challenge the racial balance policy as it is applied to the "Older Offender Program" at LoCI.

It is therefore **RECOMMENDED** that Defendants' *Motion for Summary Judgment* on Plaintiff Wolfel's claim be **DENIED**.

### B. Plaintiff Soto's Claim

Defendants also move for summary judgment on Plaintiff Soto's claim. As indicated *supra*, Plaintiff Soto was transferred from LoCI to the Toledo Correctional Institution in May 2008. *Notice of Change of Address*, Doc. No. 22. Plaintiff Soto has made no response to this Court's February 26, 2010, *Order to Show Cause*, Doc. No. 50, as to his intention to pursue his claim in this action. Under these circumstances, the Court concludes that Plaintiff Soto has abandoned the litigation. It is therefore **RECOMMENDED** that Plaintiff Soto's claims be **DISMISSED.**

### III.

### Plaintiff Wolfel's Motion for Partial Summary Judgment

Plaintiff Wolfel seeks summary judgment on the racial balance policy and on the defense

of qualified immunity. As noted *supra,* however, the issue of Plaintiff Wolfel's exhaustion is an essential, preliminary issue that must be resolved prior to consideration of the merits of his claim. It is therefore **RECOMMENDED** that Plaintiff Wolfel's *Motion for Partial Summary Judgment* be held in abeyance pending an evidentiary hearing on the exhaustion issue. Should it be determined that Plaintiff Wolfel did exhaust his administrative remedies in accordance with the PLRA, the merits of his claim will then be ripe for consideration.

## IV.

**Plaintiff Wolfel's Motions for Injunctive Relief**

Plaintiff Wolfel's transfer from LoCI renders moot his claims for injunctive relief.[3] Plaintiff's recovery, if he is successful on this claim, would be limited to monetary relief. *See Cardinal v. Metrish,* 564 F.3d 794, 798-99 (6th Cir. 2009). Moreover, one of Plaintiff Wolfel's motions for interim injunctive relief, Doc. No. 18, relates to an alleged confiscation of his legal papers. This claim was not presented in the *Complaint.* Moreover, it does not appear that Plaintiff Wolfel has exhausted his administrative remedies with respect to this claim, as required by the PLRA, 42 U.S.C. §1997e(a). For all these reasons, it is **RECOMMENDED** that Plaintiff Wolfel's *Motions for Preliminary Injunction,* Doc. Nos. 18, 28, be denied.

**WHEREUPON** it is **RECOMMENDED** that Defendants' *Motion for Summary Judgment*, Doc. No. 37, be **DENIED** as to Plaintiff Wolfel's claim and **GRANTED** as to Plaintiff Soto's claim. It is **RECOMMENDED** that Plaintiff Wolfel's *Motion for Partial Summary Judgment*, Doc. No. 23 be **HELD IN ABEYANCE** pending an evidentiary hearing on

---

[3] Plaintiff Wolfel has not challenged the racial balance policy at his current institution.

the issue of exhaustion by Plaintiff Wolfel. It is **RECOMMENDED** that Plaintiff Wolfel's *Motions for Preliminary Injunction*, Doc. Nos. 18, 28, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

**April 27, 2010**          *s/Norah McCann King*
**DATE**                    **NORAH McCANN KING**
                            **UNITED STATES MAGISTRATE JUDGE**