IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS WOLFEL,** *et al.*,

    **Plaintiffs,**

    **v.**                                   Case No. 2:07-CV-1296
                                                                            Judge Holschuh
                                                                            Magistrate Judge King

**TERRY COLLINS,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' objections to the Magistrate Judge's *Report and Recommendation*. The Court will consider the matter *de novo*. 28 U.S.C. § 636(b).

I.

Plaintiffs Dennis Wolfel and Anthony Soto are state inmates proceeding without the assistance of counsel in this action pursuant to 42 U.S.C. § 1983. Plaintiffs challenge the Ohio Department of Rehabilitation and Correction's "racial balance policy" as it pertains to housing and job assignments at the London Correctional Institution ["LoCI"].[1]

In his *Complaint*, Plaintiff Wolfel claims that, upon arriving at LoCI in February 2004, he was denied placement in the "Older Offender Program" because of his Caucasian race.

---

[1] Plaintiff Wolfel challenges the policy as it relates to housing assignments. Plaintiff Soto, who challenges the job assignment aspect of the policy, failed to respond to the Court's February 26, 2010 *Order to Show Cause*. The Magistrate Judge therefore recommended that Plaintiff Soto's claim be dismissed for failure to prosecute. There is no objection to that recommendation. Thus, the Court will consider the merits of only Plaintiff Wolfel's claim.

*Complaint* at ¶ 2. Plaintiff was placed on a waiting list while African-American inmates were allegedly immediately placed in the program. *Id.* at ¶¶ 12-13. Plaintiff alleges that he complained in writing to the Warden as well as to the Unit Management Administrator at LoCI. Plaintiff also alleges that he filed a formal grievance with Defendant Blackwell, Institutional Inspector at LoCI. *Id.* at ¶ 18. Plaintiff was allegedly advised that "racial balance" is the official policy of the Ohio Department of Rehabilitation and Correction.[2] *Id.* According to Plaintiff, he appealed this decision, although the decision was "condoned and ratified" by the Chief Inspector. *Id.* at ¶ 19.

Defendants moved for summary judgment on Plaintiff Wolfel's claim for failure to exhaust administrative remedies prior to filing this action and because this Plaintiff lacked standing to sue. The Magistrate Judge found that a genuine issue of material fact exists with respect to the issue of exhaustion and recommended that the Court hold an evidentiary hearing on the matter. The Magistrate Judge also concluded that Plaintiff Wolfel has standing to sue. *See Report and Recommendation*, Doc. No. 52. Defendants object to both that finding and that conclusion. Doc. No. 56.[3]

As the Magistrate Judge observed, the Prison Litigation Reform Act, 42 U.S.C. §

---

[2]The policy states, in relevant part:

It is the policy of the Ohio Department of Rehabilitation and Correction to create an atmosphere of racial equality in the correctional institutions by minimizing even the appearance of segregation. The fostering and creation of integrated housing and job assignments should be accomplished to enhance rehabilitation efforts and serve the security interests of the institution. Inmates shall be assigned without regard to the inmate's race, ethnicity or national origin.

*Exhibit A* attached to *Defendants' Memorandum contra Plaintiffs' Motion for Preliminary Injunction.*

[3]Because Plaintiff Wolfel is no longer assigned to LoCI, however, the Magistrate Judge recommended that this Plaintiff's claims for injunctive relief be dismissed as moot. *Report and Recommendation* at 10.

1997e(a), requires that an inmate filing a § 1983 claim first exhaust available administrative remedies. With respect to the exhaustion issue, Defendants offer the affidavit of Linda Coval, Chief Inspector of ODRC and custodian of records for inmate appeals and grievances. Ms. Coval avers that she cannot locate any record of exhaustion of remedies by Plaintiff Wolfel during 2007. *Coval Affidavit* at ¶ 8. In addition, Defendants argue that, by Plaintiff's own admission, he did not exhaust administrative remedies in 2007. According to Defendants, the allegations with respect to exhaustion in Plaintiff Wolfel's *Verified Complaint* describe action taken in 2004, not 2007.

The Court disagrees with Defendants' characterization. Plaintiff Wolfel does not explicitly state that he exhausted administrative remedies in 2004; his *Verified Complaint* simply outlines the steps he took in pursuing the prison grievance procedure and the decisions rendered at each stage of that process. Defendants argue that Plaintiff should have provided copies of his informal complaint, grievance, and appeal, in order to properly controvert Coval's affidavit. As the Magistrate Judge correctly observed, however, a verified complaint is the functional equivalent of an affidavit for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Webb v. Strode,* No. 1:08CVP105M, 2009 WL 2602982 (W.D. Ky. August 24, 2009). Thus, Plaintiff's allegations, contrasted against Coval's affidavit, create a genuine issue of material fact on the issue of exhaustion of remedies. In the Court's view, Plaintiff's failure to provide copies of relevant documentation on the issue does not resolve this genuine issue of material fact.

The Court finds no error in the Magistrate Judge's conclusion or the recommendation that an evidentiary hearing be held on the exhaustion issue. Defendants' concern that Plaintiff

may have exhausted remedies in 2004, not 2007, remains for resolution at the hearing.

With respect to the issue of standing, Defendants argue that mere placement on a waiting list for the Older Offender Program "is [not] injurious in any way." Doc. No. 56 at 8. Defendants do not elaborate on this argument. The Magistrate Judge concluded that Plaintiff's placement on a waiting list, while inmates of other racial backgrounds were allegedly offered immediate placement in the Older Offender Program, constitutes "injury" for purposes of Article III standing. This Court agrees and likewise concludes that Plaintiff Wolfel has standing to pursue his remaining claim for monetary damages.

## II.

Following careful review of the record, the *Report and Recommendation* and Defendants' objections thereto, the Court agrees with the conclusions and recommendations of the Magistrate Judge. The Defendants' objections, Doc. No. 56, are **DENIED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**.

Specifically, Defendants' *Motion for Summary Judgment*, Doc. No. 37, is **DENIED** as to Plaintiff Wolfel's claim and **GRANTED** as to Plaintiff Soto's claim. All claims asserted by Plaintiff Soto are **DISMISSED** for failure to prosecute. Plaintiff Wolfel's *Motion for Partial Summary Judgment,* Doc. No. 23, is **HELD IN ABEYANCE** pending an evidentiary hearing on the issue of exhaustion. Plaintiff Wolfel's *Motions for Preliminary Injunction*, Doc. Nos. 18, 28, are **DENIED**. Plaintiff Wolfel's claims for injunctive relief are **DISMISSED** as moot; this Plaintiff's claim for monetary relief remains.

This matter is **REFERRED** to United States Magistrate Judge Norah McCann King for

evidentiary hearing and report and recommendation on the issue of exhaustion of administrative remedies by Plaintiff Wolfel.

**IT IS SO ORDERED.**

Date: June 29, 2010 /s/ **John D. Holschuh**
John D. Holschuh, Judge
United States District Court