IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS WOLFEL,** *et al.,*

    **Plaintiffs,**

    v.                                   **Case No. 2:07-CV-1296**
                                                    **JUDGE WATSON**
                                                    **MAGISTRATE JUDGE KING**

**TERRY COLLINS,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' *Motion for Leave to File an Amended Answer*, Doc. No. 91. Plaintiff has filed a memorandum in opposition, Doc. No. 92, and defendants have filed a reply in support of the motion, Doc. No. 94.

### I.

*Facts*

Plaintiff is a state inmate who claims that he was denied placement in requested housing at the London Correctional Institution ["LoCI"] on account of a policy of the Ohio Department of Rehabilitation and Correction ["ODRC"] intended to achieve racial balance among inmates. In particular, Plaintiff alleges that in 2004 "black inmates were placed in [a housing unit requested by Plaintiff] upon their arrival at [LoCI] ahead of white inmates on the placement waiting list." *Complaint*, Doc. No. 4, at ¶ 13. In September 2007, Plaintiff requested to be placed on the waiting list for another housing unit. He was again placed on a waiting list. *Id.* at ¶

21.

In its *Initial Screen of the Complaint*, Doc. No. 5, the Court permitted the action to proceed on Plaintiff's equal protection claims; that order made no mention of the timeliness of any claims. Defendants' *Answer*, Doc. No. 9, raised a number of defenses, but a defense based on the statute of limitations was not among them. On October 25, 2010, after a hearing on the issue of exhaustion of administrative remedies, Defendants filed their *Motion for Leave to File an Amended Answer*, Doc. No. 91. In that motion, Defendants ask that they be permitted to assert a statute of limitations defense, taking the position that a claim that arose in 2004 is not timely asserted in this action, which was submitted for filing in December 2007.

## II.

*Standard*

State statutes of limitations and tolling principles apply to claims under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69, 275 (1985). For civil rights actions filed in Ohio under §1983, the statute of limitations is two (2) years from the date the cause of action accrued. O.R.C. §2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*).

Generally, a failure to plead an affirmative defense, like the statute of limitations, results in the waiver of that defense and its exclusion from the case. *See Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (1990); *see also* Fed. R. Civ. P. 8(c). However, an exception to this broad rule is found in Fed. R. Civ. P. 15(a), which permits amendments to the answer to assert an omitted affirmative defense. *See* 5 Wright & Miller, *supra,* § 1278 at 501-03.

Rule 15(a) provides that a court should freely grant leave to amend pleadings "when

justice so requires." A motion for leave to amend is properly denied, however, if there has been an undue delay in filing, a lack of notice and undue prejudice to the nonmoving party, bad faith on the part of the movant or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.

*Discussion*

Defendants seek leave to amend their *Answer* to raise the statute of limitations as an affirmative defense to Plaintiff's claim arising from his placement on a waiting list for housing in 2004. Doc. No. 91. In support of the motion, Defendants contend that the *Complaint* "was unclear on several facts, including . . . when the claim actually arose." Doc. No. 91, at 2.

Plaintiff opposes amendment of the *Answer,* arguing that there was undue delay on the part of Defendants. As Plaintiff points out, Defendants filed a motion for summary judgment raising the issue of exhaustion of administrative remedies, *see* Doc. No. 37, but did not address in that motion the issue of timeliness.[1]

In this Court's view, Defendants' failure to raise the defense of statute of limitations is attributable to the lack of clarity in Plaintiff's *Complaint*. Even the Court, in its initial screen of that pleading, failed to read the *Complaint* as asserting a separate, independent claim based on the events of 2004. Given this lack of clarity as to the nature of Plaintiff's claims, the Court cannot conclude that Defendants' request to amend their *Answer* has been unduly delayed. Thus, the Court will permit Defendants to amend the *Answer* to raise a statute of limitations defense.

---

[1] The October 7, 2010 *Report and Recommendation*, Doc. No. 87, recommended that, as the motion for summary judgment relates to plaintiff's 2004 claim, the motion be denied and that, as the motion relates to plaintiff's 2007 claim, the motion be granted. The parties' objections to the *Report and Recommendation* are currently pending.

**WHEREUPON** Defendants' *Motion for Leave to File an Amended Answer*, Doc. No. 91, is **GRANTED**.

The Clerk is **DIRECTED** to file the tendered *Amended Answer*, attached to the motion.

 *S/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

December 2, 2010