```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**DENNIS M. WOLFEL,** *et al.*,

      Plaintiffs,

  vs.                                  Civil Action 2:07-CV-1296
                                        Judge Watson
                                        Magistrate Judge King

**DIRECTOR TERRY J. COLLINS,**
*et al.*,

      Defendants.


## REPORT AND RECOMMENDATION

This matter is now before the Court on *Plaintiffs' Motion for Partial Summary Judgment*, Doc. No. 23, and on *Defendants' First Motion for Summary Judgment*, Doc. No. 98.  For the reasons stated *infra*, it is recommended that Defendants' motion be granted and that Plaintiffs' motion be denied.

Plaintiff Dennis M. Wolfel, a state inmate, claims that he was denied placement in requested housing at the London Correctional Institution ["LCI"] on account of a policy of the Ohio Department of Rehabilitation and Correction ["ODRC"] intended to achieve racial balance among inmates. *Complaint*, Doc. No. 4, at ¶ 14.[1]  Plaintiff's *Complaint* contained two separate allegations: (1) that he was denied placement in LCI's Older Offenders Program in 2004; and (2) that he was denied placement in LCI's Oak Unit E cell in 2007.  *Id.*, at ¶¶

---

[1] The *Complaint* also presented claims by another inmate, Anthony M. Soto.  Those claims were previously dismissed by the Court.  *Opinion and Order*, Doc. No. 57.

14, 21. This Court granted summary judgment to Defendants on the second allegation in the Complaint, concluding that Plaintiff had failed to exhaust his administrative remedies with regards to the 2007 incident. *Opinion and Order,* Doc. No. 100. The issue now before the Court concerns the first allegation in Plaintiff's *Complaint*, *i.e.,* that Plaintiff was improperly denied placement in LCI's Older Offenders Program in 2004.

Specifically, Plaintiff claims that, in February 2004, he requested placement in LCI's Older Offenders Program, a preferred housing space located in LCI's Spruce Unit. *Complaint,* at ¶ 12. Thereafter, Plaintiff was notified that he had been placed on the waiting list. *Id.* After being added to the waiting list, Plaintiff "took notice that black inmates were being placed in the Older Offenders Program upon their arrival at [LCI], ahead of white inmates on the placement waiting list." *Id.* at ¶ 13. Plaintiff alleges that the placement of black inmates in the Older Offenders Program ahead of white inmates is the result of separately maintained waiting lists for white and black prisoners. *Id.* at ¶ 14. Plaintiff alleges that LCI maintains these separate waiting lists pursuant to official ODRC policy intended to achieve racial balance among the Ohio prisoner population. *Id*. at ¶ 14.

Plaintiff submitted his *Complaint* to the Court on December 24, 2007, claiming that LCI's differing treatment of white and black inmates constituted unlawful race discrimination under both 42 U.S.C.

2

§ 1981 and § 1983. *Id.* at ¶ 1.[2] Defendants' *Answer* did not raise a defense based on the statute of limitations. *Answer*, Doc. No. 9. On October 25, 2010, however, Defendants moved to amend their *Answer* in order to do so. *Defendants' Motion For Leave To File An Amended Answer*, Doc. 91. On December 2, 2010, this Court granted that motion. *Opinion and Order,* Doc. No. 95.

Defendants now assert that the statute of limitations bars Plaintiff's discrimination claims stemming from his February 2004 request. *Amended Answer*, Doc. No. 96 at ¶ 40. Defendants have filed *Defendants' First Motion for Summary Judgment*, Doc. No. 98. Plaintiff has filed a memorandum in opposition, Doc. No. 99, and Defendants have filed a reply in support. Doc. No. 101. *Defendants' First Motion for Summary Judgment* is now ready for adjudication.

### Statute of Limitations: Standard

Sections 1981 and 1983 do not contain their own statute of limitations. *See* 42 U.S.C. §§ 1981, 1983. Instead, courts must apply the forum state's personal injury statute of limitations to actions filed under these statutes. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Ohio, federal courts apply O.R.C. § 2305.10, which provides for a two year statute of limitations period from the date on which the cause of action accrued. *Browning v Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*).

Although state law provides the statute of limitations, the date

---

[2]Plaintiff appears to have executed the *Civil Cover Sheet* accompanying the *Complaint* on December 19, 2007. Plaintiff presumably filed the *Complaint* shortly thereafter. *See Houston v. Lack*, 487 U.S. 266, 270 (1988)(a *pro se* prisoner's filing is "filed" at the moment of delivery to prison authorities for mailing to federal court).

3

on which the cause of action accrues is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, "'the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury.'" *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

### Statute of Limitations: Discussion

Plaintiff was transferred to LCI in February 2004. *Complaint*, at ¶ 12. The exact date of Plaintiff's request for placement in LCI's Older Offenders Program is unclear, but Plaintiff acknowledges that the request was made in 2004 shortly after his arrival at LCI. *Id.* at ¶ 12; *see also Deposition of Dennis Wolfel*, Doc. No. 5, at 10.[3] Thereafter, Plaintiff was notified that he had been placed on a waiting list. *Complaint*, at ¶ 12. Plaintiff then noticed that black inmates arriving at LCI after his own arrival had been placed in the Older Offenders Program ahead of him. *Complaint*, at ¶ 13. Plaintiff filed a series of informal and formal grievances alleging that his placement on a waiting list for the Program was the result of unlawful race discrimination. *Id*, at ¶¶ 15-19.[4]  The series of grievances filed by Plaintiff in 2004 concern the same claim at issue here, *i.e.,* Plaintiff's delayed placement in the Older Offenders Program in 2004.

---

[3] Defendants do not cite to Plaintiff's deposition in their memoranda; however, Defendants deposed Plaintiff and filed the deposition with this Court. *Deposition of Dennis Wolfel,* Doc. No. 85.

[4] Plaintiff acknowledges that all grievances were concluded in 2004. *Plaintiff's Memorandum Contra Defendants' First Motion for Summary Judgment*, Doc. No. 99, at 2; *see also Deposition of Dennis Wolfel*, Doc. No. 85, at 13-14; *Minute Entry for Evidentiary Hearing held on October 5, 2010*, Doc. 86, *Ex. F*, Attachment 5.

Thus, Plaintiff was alert to both his alleged injury and the alleged cause of that injury in 2004. However, as noted *supra,* Plaintiff waited at least three (3) years to initiate this action in December 2007. This action was therefore not timely filed, a fact that Plaintiff himself concedes. *Plaintiff's Memorandum Contra Defendants' First Motion for Summary Judgment*, at 2. However, Plaintiff argues that the Court should toll the statute of limitations under the doctrine of equitable tolling. *See id.*

### **Equitable Tolling: Standard**

When a federal cause of action borrows its statute of limitations from state law, it also borrows the forum state's accompanying tolling provisions. *Wilson v. Garcia*, 471 U.S. 261. Although Ohio courts recognize the doctrine of equitable tolling, they apply it only rarely and have not settled on one standard analysis. *See generally Weikle v. Skorepa*, 69 Fed. Appx. 684, 687 (6th Cir. 2003) ("Ohio courts have rarely invoked the doctrine of equitable tolling and in fact the Ohio Supreme Court has said precious little on the subject.").  Still, when determining whether to apply the doctrine of equitable tolling, Ohio courts do invoke one constant: the doctrine of equitable tolling does not apply if a litigant has failed to diligently pursue his rights. *See, e.g.*, *Byers v. Robinson,* No. 08AP-204, 2008 Ohio 4833, at ¶ 52 (Ohio Ct. App. Sept. 23, 2008)("'Generally, a litigant seeking equitable tolling bears the burden of establishing . . . that he has been pursuing his rights diligently'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Howard v. Rea,* 111 Fed. App'x 419, 421 (6th Cir. 2004)(statute of limitations not equitably tolled

5

where prisoner had notice that his constitutional rights may have been violated on the grounds raised in the complaint, as evidenced by his administrative grievances).

### Equitable Tolling: Discussion

Alhough Plaintiff argues that the Court should apply the doctrine of equitable tolling, he offers no evidence that he has diligently pursued his rights in the matter. In fact, Plaintiff has previously admitted that he deliberately waited to file his *Complaint*. *Deposition of Dennis Wolfel*, at 33. Such deliberate delay does not demonstrate that Plaintiff has diligently pursued his rights; instead, it more readily demonstrates that Plaintiff's untimely filing was the result of a lack of due diligence. Because Plaintiff's delayed filing was the result of a lack of due diligence, he cannot invoke the doctrine of equitable tolling.

Plaintiff makes two additional arguments as to why this Court should toll the statute of limitations under the doctrine of equitable tolling. First, Plaintiff excuses his untimely filing by explaining that, when he filed this lawsuit, he believed that Ohio law tolled the statute of limitations during the period of his imprisonment. *Plaintiff's Memorandum Contra Defendants' First Motion for Summary Judgment*, at 2 (citing *Plaintiff's Memorandum Contra Defendants' Untitled Objections, and Motion for Review of the Magistrate Judge's Report and Recommendation*, Doc. No. 93, at 2). It was only after he filed his lawsuit, Plaintiff goes on to explain, that he learned that Ohio law no longer afforded such protection. *Plaintiff's Memorandum Contra Defendants' Untitled Objections, and Motion for Review of the*

6

*Magistrate Judge's Report and Recommendation*, at 3. However, under Ohio law, "'ignorance of the law'" cannot be used to toll the statute of limitations. *Sharp v. Ohio Civil Rights Comm'n*, No. 04 MA 116, 2005 Ohio 1119 (Ohio Ct. App. Mar. 10, 2005), at ¶ 14 ( quoting *Lynch v. Dial Fin. Co. of Ohio No.1, Inc.*, 656 N.E.2d 714, 718 (Ohio Ct. App. 1995)).

Second, Plaintiff contends that, because his delayed filing has not prejudiced Defendants, this Court should toll the statute of limitations. *Plaintiff's Memorandum Contra Defendants' First Motion for Summary Judgment*, at 2. However, no Ohio court has invoked the doctrine of equitable tolling based solely on lack of prejudice to the opposing party, particularly when a litigant has failed to diligently pursue his rights. *See also Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("[A]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine . . . .")).

In sum, the Court concludes that Plaintiff's remaining claim was not timely filed and that Defendants are therefore entitled to judgment on that claim.[5]

Because the grant of Defendants' motion would resolve the last remaining claim in this action, it follows that Plaintiff's motion for partial summary judgment should be denied.

**Certificate of Good Faith Appeal: Standard and Discussion**

---

[5] Under these circumstances, the Court need not and does not address the other contentions raised in Defendants' motion.

7

In *Defendants' First Motion for Summary Judgment*, Defendants also ask this Court to certify that an appeal of the judgment entered in this action would not be taken in good faith. Under federal law, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

At this juncture, the Court is unable to conclude that an appeal, if any, would lack an arguable basis in either law or fact.

**WHEREUPON,** it is **RECOMMENDED** that *Defendants' First Motion for Summary Judgment,* Doc. No. 98, be granted and that *Plaintiffs' Motion for Partial Summary Judgment*, Doc. No. 23, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                       *s/ Norah McCann King*
                                         Norah McCann King
                                 United States Magistrate Judge

May 9, 2011